IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Gregory McKinnies, | ) |
| | ) |
| Petitioner, | ) Case No. 8:11-cv-15-JFA-JDA |
| | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| Warden, FCI Bennettsville, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 22.] Petitioner is a federal prisoner, proceeding pro se, who seeks relief pursuant to Title 28, United States Code, Section 2241. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review applications for post-conviction review and submit findings and recommendations to the District Court.

Petitioner's Petition for a writ of habeas corpus was filed on January 4, 2011. [Doc. 1.] On May 6, 2011, Respondent moved for summary judgment. [Doc. 22.] Petitioner's response in opposition was filed on June 7, 2011. [Doc. 26.] Accordingly, Respondent's motion is ripe for review.

## BACKGROUND

**Underlying Conviction, Appeal, and Previous Collateral Attack**

On October 23, 2003, Petitioner was named in an eleven-count indictment filed against him and others in the United States District Court for the Middle District of Florida, charging Petitioner under Count One with conspiracy to distribute five or more kilograms of cocaine and fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(A), and 846.  [Doc. 1 ¶ 8; Doc. 22-2.]  Petitioner was arrested on September 21, 2004.  [Doc. 1-1 at 1.]  On February 15, 2005, a jury found Petitioner guilty.  [Doc. 1 ¶ 11; Doc. 22-3.]  On April 29, 2005, Petitioner was sentenced as a career offender to a term of imprisonment of 360 months.[1]  [Doc. 1 ¶ 9; Doc. 22-4.]

On May 4, 2005, Petitioner timely filed a notice of appeal.  [Doc. 1 ¶ 12; Doc. 22-5.]  On February 8, 2006, the United States Court of Appeals for the Eleventh Circuit affirmed the conviction and sentence.  [Doc. 1 ¶ 13.]  On January 26, 2007, Petitioner filed a timely petition pursuant to 28 U.S.C. § 2255, claiming

> 1) The District Court erred in instructing the jury concerning determining Petitioner's drug amount applicable to subsection 841(b)(1)(A); 2) Counsel was constitutional[ly] ineffective when he failed to protect Petitioner's Sixth Amendment right to be tried by a jury; 3) Counsel was constitutional[ly] ineffective when he allowed the Court to constructively amend the indictment; and 4) Counsel was constitutional[ly] ineffective when he failed to object to the Court['s] imposition of an enhanced penalty for crack cocaine.

[Doc. 1 ¶ 3(c); Doc. 22-6.]  The district court denied the petition on July 20, 2007.  [Doc. 1 ¶ 3(e); Doc. 22-7.]

**Instant Petition for Habeas Corpus**

On January 4, 2011, Petitioner filed in this Court a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2]  [Doc. 1.]  Petitioner asserts he "is 'actual[ly] innocent' of

---

[1] Petitioner and Respondent represent the predicate offenses used to designate Petitioner as a career offender were (1) assault with a deadly weapon inflicting serious injury, (2) possession of cocaine with intent to sell or deliver, and (3) carrying a concealed firearm.  [Doc. 1-1 at 2; Doc. 22-1 at 9.]

[2] As explained below, a petition filed pursuant to § 2241 must be filed by the prisoner in the district of his confinement, 28 U.S.C. § 2242; therefore, because Petitioner is currently confined at FCI Bennettsville [Doc. 1 ¶ 2], he was required to file his § 2241 petition in the United States District Court for the District of South Carolina.

being a career offender pursuant to Begay v United States, 128 S. Ct. 1581 (2008) and United States v Archer, 531 F.3d 1347 (11[th] Cir. 2008)." [Doc. 1-1 at 2.] Specifically, Petitioner contends he is not a career offender because *Begay* and *Archer* established carrying a concealed firearm is not a crime of violence and his prior drug conviction was relevant conduct for the underlying defense; therefore, Petitioner does not have two predicate offenses to classify him as a career offender. [*Id.* at 2–6.] Further, Petitioner argues he can seek relief through a § 2241 petition for writ of habeas corpus pursuant to a panel decision of the Eleventh Circuit, *Gilbert v. United States*, No. 09-12531 (11th Cir. June 21, 2010).[3] [*Id.* at 6.] Petitioner requests the Court to re-sentence him without the career offender designation. [*Id.*]

## **APPLICABLE LAW**

**Liberal Construction of Pro Se Petition**

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court

---

[3] As noted below, *Gilbert* was heard by the Eleventh Circuit en banc, which reversed the panel decision. 640 F.3d 1293 (11th Cir. 2011) (en banc).

3

may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at

4

252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

*Generally*

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is

5

the proper method to challenge the computation or execution of a federal sentence. *See United States v. Little*, 392 F.3d 671, 678–79 (4th Cir. 2004); *United States v. Miller*, 871 F.2d 488, 489–90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence [and] the sentence itself"). A petition under § 2241 must be brought against the warden of the facility where the prisoner is being held, 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 434–35 (2004), and "in the district of confinement rather than in the sentencing court," *Miller*, 871 F.2d at 490.

### *Savings Clause of § 2255*

A petition attacking the validity of a sentence should normally be brought under 28 U.S.C. § 2255; however, if the petitioner can satisfy the savings clause of § 2255,[4] he may pursue relief through a § 2241 habeas petition.[5] *See San-Miguel v. Dove*, 291 F.3d 257,

---

[4]The savings clause states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

[5] Second or successive § 2255 petitions are prohibited unless the second or successive petition is

> certified as provided in section 2244 by a panel of the appropriate courts of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

6

260–61 (4th Cir. 2002); *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). To trigger the savings clause of § 2255(e) and proceed under § 2241, the petitioner would have to show that something more should be considered by this Court than that authorized by § 2255, such as a retroactive change in the law as contemplated in *In re Jones*. 226 F.3d at 333–34. The test provided in *In re Jones* requires that (1) at the time of the conviction, settled law of the United States Court of Appeals for the Fourth Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the petitioner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the petitioner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law. *Id.*

## **DISCUSSION**

Here, Petitioner has provided no factual information to demonstrate that the conduct for which he was convicted has been deemed non-criminal such that he is "actually innocent."[6] Further, the second element of the *In re Jones* test, pertaining to changes in

---

[6] As the Eleventh Circuit has explained,

> the [*Bailey v. United States*, 516 U.S. 137 (1995)]-related actual innocence decisions of other circuits are of no use to [the petitioner] because the crimes for which he was convicted, possessing crack cocaine with intent to distribute and possessing marijuana with intent to distribute, do exist, as thousands of federal prisoners can attest. Unable to colorably contend that he was convicted of a nonexistent crime, [the petitioner] asserts instead that he "is actually innocent of being a career offender, factually and legally." Put in its best light, [the petitioner]'s argument assumes that he was convicted of the nonexistent offense of being a career offender with only one qualifying predicate offense. But he wasn't. As the indictment and the judgment in this case show, [the petitioner] was not charged with, nor was he convicted of, being a career offender. A defendant who is convicted and then has the § 4B1.1 career offender enhancement, or any other guidelines enhancement, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement. If guidelines enhancements

7

the controlling substantive law, has not been extended to include sentencing calculations made pursuant to the Sentencing Guidelines. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing *In re Jones*, 226 F.3d at 333–34) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."); *see also United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes"); *Gilbert v. United States*, 640 F.3d 1293, 1312 (11th Cir. 2011) (en banc) (stating, where the petitioner argued he was "actually innocent" of being a career offender when carrying a concealed firearm was no longer a crime of violence, "[e]very circuit to decide this issue has reached the same conclusion we do: the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h). Not one circuit has held to the contrary."). Consequently, the instant § 2241 Petition fails to satisfy the requirements of

---

> were crimes, they would have to be charged in the indictment and proven to the jury beyond a reasonable doubt. *See United States v. Kenney*, 391 Fed. Appx. 169, 172 n. 2 (3d Cir. 2010) (unpublished) ("The career offender enhancement is not a separate offense, however. If it were, its elements would need to be proven to a jury beyond a reasonable doubt."). [The petitioner]'s position turns on treating sentences as convictions, and an argument that depends on calling a duck a donkey is not much of an argument.

*Gilbert v. United States*, 640 F.3d 1293, 1319–20 (11th Cir. 2011) (en banc).

the "savings clause" of § 2255(e) so as to provide this Court with jurisdiction to hear it, and the Petition must be dismissed.[7]

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>
United States Magistrate Judge

February 17, 2012
Greenville, South Carolina

---

[7] The Court's analysis is restricted to whether Petitioner can file a § 2241 petition pursuant to the savings clause of § 2255. The Court notes that, on the record presented to the Court regarding this Petition, Petitioner would also be barred from filing a second or successive § 2255 petition under § 2255(h). To bring a second/successive § 2255 petition, Petitioner would have to obtain certification from a panel of the Eleventh Circuit that the second/successive § 2255 petition is based on newly discovered evidence or a new rule of constitutional law, 28 U.S.C. § 2255(h), and the Court finds Petitioner has failed to demonstrate either condition.