UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Gregory McKinnies, | ) | C/A No. 8:11-15-JFA-JDA |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | ORDER |
| Warden, FCI Bennettsville, | ) | |
| Respondent. | ) | |

The *pro se* petitioner, Gregory McKinnies, is a federal inmate housed at the Federal Correctional Institution (FCI) in Bennettsville, South Carolina. He brings this action under 28 U.S.C. § 2241 challenging his federal sentence imposed by the Middle District of Florida,[1]

PROCEDURAL BACKGROUND

The petitioner went to trial in the United States District Court for the Middle District of Florida and was convicted of conspiracy to distribute five or more kilograms of cocaine and fifty grams or more of cocaine base. On May 2, 2005, he was sentenced as a career offender to a term of 360 months imprisonment.[2] His conviction and sentence were affirmed

---

[1] A petition filed pursuant to § 2241 must be filed by the prisoner in the district of his confinement. The government notes in its motion for summary judgment that pursuant to the Department of Justice's protocol for handling § 2241 cases raising savings clause claims, this case was being handled by prosecutors in the District of South Carolina where the petitioner is confined and in the Middle District of Florida where the petitioner was convicted.

[2] Prior to application of the Career Offender enhancement pursuant to USSG § 4B1.1, the Presentence Report calculated the petitioner's offense level at 36 with a criminal history category of VI, resulting in a guideline range of 324 to 405 months. His sentence of 360 months, without the career offender designation, was in the middle of the guidelines range. Thus, his sentence did not exceed the statutory maximum. The petitioner's prior predicate convictions used to qualify him under the Armed Career Criminal Act included assault inflicting serious injury, assault with a deadly weapon inflicting serious injury, and possession of cocaine with intent to sell or deliver.

1

by the Eleventh Circuit Court of Appeals. Petitioner's claims under 28 U.S.C. § 2255 for ineffective assistance of counsel were unsuccessful as well. The petitioner now asks this court to resentence him without his career offender designation, contending that he is actually innocent of his guidelines enhancement because one of his prior convictions—carrying a concealed firearm—is no longer considered a crime of violence.

The respondent argues that petitioner's sentence did not exceed the statutory maximum or the applicable guidelines range absent the career offender enhancement and thus he cannot establish a "fundamental defect" to permit review of the § 2241 petition via the savings clause provision of § 2255(e). Further the respondent contends that the petitioner still qualifies as a career offender even without his prior conviction for carrying a concealed firearm.

For the reasons which follow, the court agrees with the Magistrate Judge's recommended disposition and dismisses the § 2241 petition. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

### THE MAGISTRATE JUDGE'S REPORT

The Magistrate Judge assigned to this action[3] has prepared a thorough Report and

---

[3] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

Recommendation and opines that respondent's motion for summary judgment[4] should be granted because the petitioner cannot satisfy the savings clause of § 2255(e) and this court is without jurisdiction to hear the § 2241 motion on its merits.

The Magistrate Judge has reviewed the § 2241 claims in light of the three-part test set out in *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) which requires that:

(1) at the time of the conviction, settled law of the United States Court of Appeals for the Fourth Circuit or the Supreme Court established the legality of the conviction;

(2) subsequent to the petitioner's direct appeal and his first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and

(3) the petitioner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

A petition attacking the validity of a sentence should normally be brought under 28 U.S.C. § 2255. Because the petitioner has already filed one § 2255 petition, a second or successive petition is prohibited unless he can obtain certification from the Eleventh Circuit Court of Appeals. However, a petitioner may pursue relief through a § 2241 petition if the petitioner can satisfy the savings clause which states as follows:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

---

[4] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

28 U.S.C. § 2255(e).

While the Fourth Circuit has found that a § 2241 petition may be appropriate if the "substantive law changed such that the *conduct* of which the prisoner was *convicted* is deemed not to be criminal, " this test, however, has not been extended to *calculations* made at sentencing under the Guidelines, even as to the Career Offender provisions at § 4B1.1. *United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir.2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes.")

In her Report, the Magistrate Judge first opines that the petitioner has provided no factual information to demonstrate that the conduct for which he was convicted has been deemed non-criminal such that he is "actually innocent."

Next, the second element of the *In re Jones* test (pertaining to changes in the controlling substantive law) has not been extended to include sentencing calculations under the Sentencing Guidelines. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing *In re Jones*, 226 F.3d at 333–34) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.")

Finally, in *Gilbert v. United States*, 640 F.3d 1293, 1312 (11th Cir. 2011), the Court found that the savings clause of § 2255(e) does not permit a prisoner to bring a § 2241 petition for a guidelines miscalculation claim that is barred from being presented in a § 2255

motion by the second or successive motions bar of § 2255(h).[5]

The Magistrate Judge correctly notes that this court's analysis is restricted to whether the petitioner can file a § 2241 petition pursuant to the savings clause of § 2255.

### THE PETITIONER'S OBJECTIONS TO THE REPORT

The petitioner was advised of his right to file objections to the Magistrate Judge's Report and Recommendation which was entered on the docket on February 17, 2012. He was given an extension of time until March 19, 2012 to file objections and he has timely done so in a 13-page memorandum which this court will discuss herein.

The petitioner contends that he is actually innocent of being a career offender pursuant to the decisions in *Begay v. United States*, 128 S. Ct. 1581 (2009) and *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008). He also asserts that a petition under § 2255 would be inadequate or ineffective to test the legality of his detention.

---

[5] As the Magistrate Judge notes in her Report, the petitioner has already filed a § 2255 action in the sentencing court in the Middle District of Florida with regard to ineffective assistance of claims. Before he can conceivably bring a second or successive § 2255 petition in that court regarding the issues he raises in his instant § 2241 petition, he must obtain certification from a panel of the Eleventh Circuit Court of Appeals. It is not apparent from the record in this case whether the petitioner has requested or obtained permission to do so. Second or successive § 2255 petitions are prohibited unless the second or successive petition is:

> certified as provided in section 2244 by a panel of the appropriate courts of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner objects to the Magistrate Judge's Report and contends that he *can* satisfy the three-part test of *In re Jones* for bringing a claim under § 2241. As to the first prong, he submits that the settled law of the Eleventh Circuit established the legality of using petitioner's predicate offense of carrying a concealed weapon as a crime of violence.

With regard to the second prong, he contends that after the decisions in *Begay* and *Archer*, the law changed so that carrying a concealed weapon is not a crime of violence, cannot be used as a predicate offense, and hence, he is actually innocent of being a career offender. Petitioner then cites various cases suggesting that his enhancement to career criminal with only one prior predicate offense satisfies prong two "because, here, the enhancement to career criminal is considered to be a new offense." He also contends that the prior conviction for possession of cocaine with intent to sell or deliver is relevant conduct for the instant offense.

Finally, petitioner asserts that he meets the third prong of *In re Jones* because the new substantive rule announced in *Begay* has not been made retroactive by the Supreme Court and the new substantive rule is not newly discovered evidence, thus making § 2255 inadequate and permitting him to bring a petition under § 2241.

Petitioner also objects to the Magistrate Judge's reliance on *Pettiford* and *Poole* to support her conclusion that the savings clause has not been extended to § 2241 petitions. Petitioner asserts that the facts and arguments in *Pettiford* and *Poole* are distinguishable in that his claim is based on a new ruling of substantive rights announced by the Supreme Court in *Begay*.

As the Magistrate Judge correctly opines, the petitioner's § 2241 action is barred because he cannot demonstrate that the relief available to him under 28 U.S.C. § 2255 is inadequate or ineffective. The Magistrate Judge has properly reviewed the petitioner's complaint under *In re Jones*, 226 F.3d 328 (4th Cir. 2000), and concludes that the petitioner does not satisfy the elements required under *In re Jones* to invoke the "savings clause" of § 2255(e). Thus, the present petition must be dismissed as this court is without jurisdiction to entertain it.

The court has carefully reviewed the record in this case, the applicable law, the Report and Recommendation, and the objections thereto and finds the Magistrate's suggested disposition is proper. For the foregoing reasons, the objections are overruled; the Report and Recommendation is incorporated herein by reference; the respondent's motion for summary judgment is granted, and the § 2241 petition is dismissed.

IT IS SO ORDERED.

March 22, 2012                           Joseph F. Anderson, Jr.
Columbia, South Carolina             United States District Judge